UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| GROSS MORTGAGE, | No. C 13-02945 MEJ |
|         Plaintiff(s), | **ORDER FOR CLERK OF COURT TO REASSIGN CASE** |
| v. | |
| SABIR AL-MANSUR, | **REPORT & RECOMMENDATION** |
|         Defendant(s). | |
| _____/ | |

On June 26, 2013, Defendant Sabir Al-Mansur removed this unlawful detainer action from Alameda County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant to show cause by July 16, 2013, why this case should not be remanded. No response has been received. Based on this procedural history, the Court finds it appropriate to remand this case. As Defendant has/have not consented to the undersigned's jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this case be remanded to Alameda County Superior Court. The order to show cause hearing is VACATED.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)

(internal citations omitted).  Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.  Further, a district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal.  An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.  *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Further, even if Defendant(s) were to allege diversity jurisdiction, Plaintiff(s) brought this action in California, as the property at issue is located in the state.  Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse.  28 U.S.C. § 1441(b).  Moreover, the amount in controversy requirement does not appear to be met because the damages claim in this case is under $10,000.  In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the "whole amount of damages claimed" must be "twenty-five thousand dollars ($25,000) or less."  Cal. Civ. Pro. § 86(a)(4).  Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Finally, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction.  *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994).  "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that

of federal preemption and is anticipated in the plaintiff's complaint."). Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal. *See e.g. Aurora Loan Services, LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D.Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2-3 (S.D.Cal. Nov.19, 2010); *Wescom*, 2010 WL 4916578, at 2–3; *Aurora Loan Services, LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D.Cal. March 29, 2010).

Thus, as jurisdiction appears to be lacking, and Defendant(s) failed to respond to the order to show cause, the Court finds that the burden of demonstrating grounds for jurisdiction has not been met. Accordingly, the undersigned finds that this case should be remanded.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED & RECOMMENDED.**

Dated: August 12, 2013

_____
Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GROSS MORTGAGE

    Plaintiff,

v.

SABIR AL-MANSUR

    Defendant.

Case Number: 13-02945 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sabir Al-Mansur
2419 Market Street
Oakland, CA 94607

Dated: August 12, 2013

                        Richard W. Wieking, Clerk
                        By: Rose Maher, Deputy Clerk